PROB. 12B
(7/93)

**ORIGINAL**



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 15 2005

at 3 o'clock and 20 min. ___ M
SUE BEITIA, CLERK

# United States District Court

## for the

### DISTRICT OF HAWAII

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: JOSEPH TOWER          Case Number: CR 03-00112SOM-01

Name of Sentencing Judicial Officer:   The Honorable Susan Oki Mollway
                                       U.S. District Judge

Date of Original Sentence: 4/5/2004

Original Offense:   Count 2: POSSESSION OF A FIREARM BY AN UNLAWFUL USER OF A CONTROLLED SUBSTANCE, in violation of 18 U.S.C. § 922(g)(3), a Class C felony

Original Sentence:  Thirteen (13) months imprisonment with credit for time served and a term of three (3) years supervised release with the following special conditions: 1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) That the defendant is prohibited from possessing any illegal or dangerous weapons: 3) That the defendant provide the Probation Office access to any requested financial information; 4) That the defendant participate in a mental health program at the discretion and direction of the Probation Office; and 5) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

Modification:       On 3/11/2005, the offender appeared before the Court for revocation proceedings for violations that included refusal to comply with drug testing and a change of residence without notifying the Probation Office. Supervision was continued and the special conditions were modified to include: 6) That the defendant serve a period of community confinement in a community corrections center such as Mahoney Hale for a period not to

exceed 180 days or until released at the discretion and direction of the Probation Office. The defendant shall be released from confinement upon the next available bed space; and 7) That the defendant shall cooperate in the collection of DNA as directed by the Probation Officer.

Type of Supervision:  Supervised Release    Date Supervision Commenced:  4/5/2004

## PETITIONING THE COURT

To modify the conditions of supervision as follows:

**General Condition:** *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervised release, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day (mandatory condition).*

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. General Condition | On 10/17/2005, the offender admitted that he used crystal methamphetamine on or about the time period of 10/7/2005 to 10/15/2005, in violation of General Condition. |

On 10/3/2005, the offender was given permission to travel to Hilo for 4 days to visit his girlfriend at their residence during the Columbus Day holiday weekend. The Veteran's Administration (VA) concurred with the permission to travel, as the visit was to occur during a 3-day weekend, would not interfere in the offender's treatment schedule, and the offender had made significant progress in treatment. On 10/3/2005, the offender assured this officer that he would be back on Oahu by 10/12/2005.

On 10/13/2005, the offender left a message for this officer stating that he was still in Hilo and would not be able to return to Oahu until 10/15/2005. On 10/17/2005, the offender, along with staff at the VA Transitional Housing at Barber's Point, contacted this officer. The offender frantically reported that he was back on Oahu, had not been taking his medication, had relapsed on crystal methamphetamine while he was in Hilo, and was disoriented and suicidal. The offender was in crisis. Barber's Point staff informed this officer that they were going to transport the offender to the VA

hospital for immediate admittance. The VA later verified that the offender provided a urine specimen on 10/17/2005 that was positive for methamphetamine.

The offender was admitted to the VA hospital on 10/17/2005 and was discharged on 10/26/2005. On 10/26/2005, the offender entered a clean and sober house and was placed in a higher level of treatment at the VA, which includes day treatment program 5 days a week.

To the offender's credit, on 3/14/2005, the offender began community confinement at Mahoney Hale as part of his modified special conditions. While at Mahoney Hale, the offender enrolled in day treatment at the VA where he attended treatment to address both his mental health and substance abuse problems. On 6/1/2005, the offender completed his term of community confinement at Mahoney Hale and moved into the VA Transitional Housing at Barber's Point, where he was able to secure housing. The offender continued to attend treatment at the VA, daily. The offender was also randomly drug tested at the VA and the VA reported that until the offender's positive drug test on 10/17/2005, his drug tests had been negative for illicit drugs. As a result of the offender's good progress, he was allowed to travel to Hilo from 9/2/2005 to 9/7/2005 to visit his girlfriend. Upon his return from that trip, the offender provided a urine specimen to the VA that was negative for illicit drugs.

At this point in time, the offender is participating in treatment at the VA, living in a clean and sober house, and is in agreement that he should not be requesting travel to Hilo any time in the near future.

It is respectfully recommended that the Court set the maximum number of drug tests for the continued treatment at eight drug tests per month. This schedule would allow the Probation Officer to fashion random drug testing designed to detect drug use while not allowing the offender to predict the test dates.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives his right to a hearing and to assistance of counsel. The subject agrees to the modification of the conditions of supervised release. The

Prob 12B
(7/93)

U.S. Attorney's Office has been notified of the proposed modification and have no objections to the modification.

Respectfully submitted by,

LISA K.T. JICHA
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 12/13/2005

THE COURT ORDERS:

[✓]  The Modification of Conditions as Noted Above
[ ]  Other

SUSAN OKI MOLLWAY
U.S. District Judge

12/13/05
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[✓]    To modify the conditions of supervision as follows:

**General Condition:**    *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervised release, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day (mandatory condition).*

Witness: _____
LISA K.T. JICHA
U.S. Probation Officer

Signed: _____
JOSEPH TOWER
Supervised Releasee

12/7/05
Date