Prob 12C
(Rev. 1/06 D/HI)

# ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

## SEALED BY ORDER OF THE COURT

### United States District Court

FEB 2 6 2007

#### for the

at __2__ o'clock and __52__ min __P__ M __✗__
SUE BEITIA, CLERK

#### DISTRICT OF HAWAII

U.S.A. vs. JOSEPH TOWER _____     Docket No. CR 03-00112SOM-01

### REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

COMES NOW LISA K.T. JICHA, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of JOSEPH TOWER who was placed on supervision by the Honorable Edward Rafeedie sitting in the Court at Honolulu, Hawaii, on the 5th day of April 2004, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1.  That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2.  That the defendant is prohibited from possessing any illegal or dangerous weapon.

3.  That the defendant provide the Probation Office access to any requested financial information.

4.  That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

5.  That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.  Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

**Revocation:** On 3/11/2005, the offender appeared before Your Honor for revocation proceedings for violations that included refusal to comply with drug testing and a change of residence without notifying the Probation Office.  Supervision was continued and the special conditions were modified to include:  6) That the defendant serve a period of community confinement in a community corrections center such as Mahoney Hale for a period not to exceed 180 days or until released at the discretion and direction of the Probation Office.  The defendant shall be released from confinement upon the next available bed space; and 7) That the defendant shall cooperate in the collection of DNA as directed by the Probation Officer.

SEALED
BY ORDER OF THE COURT

Prob 12C
(Rev. 1/06 D/HI)

**Modification**: On 12/15/2005, Your Honor modified the offender's conditions of supervision as follows: That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervised release, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day (mandatory condition).

**Revocation:** On 1/17/2007, the offender appeared before Your Honor for revocation proceedings for refusing to participate in mental health treatment. The Court granted Defense Counsel a continuance in order to secure placement for the offender in a structured living environment on Oahu. On 2/13/2007, the offender appeared before the Court, and Defense Counsel informed that placement was secured at the Oxford Clean and Sober House. On 2/13/2007, supervised release was revoked and the offender was sentenced to time-served (approximately 2 months) and 1 year of supervised release with the following special conditions: 1) That the defendant shall participate in a substance abuse program, which may include drug and alcohol testing and may also include residential treatment, at the direction and discretion of the Probation Office. The defendant is to also refrain from the possession and/or use of alcohol while participating in substance abuse treatment; 2) That the defendant provide the Probation Office access to any requested financial information; 3) That the defendant participate in a mental health program at the discretion and direction of the Probation Office; 4) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition; 5) That the defendant take all prescribed medications; 6) That the defendant reside on the island of Oahu and not travel or relocate to the Big Island without the prior approval of the Probation Office; and 7) That the defendant participate in a Residential Reentry Center program such as Mahoney Hale for a period not to exceed 180 days, or in a structured living program such as the Oxford House. He shall remain at the Oxford House until otherwise released at the discretion and direction of the Probation Office. While in the program, the defendant shall participate in the components of the program.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the subject has violated the conditions of his Supervised Release (Judgment attached) as follows:

1.    That on or about 2/14/2007, the offender failed to reside in a structured living environment such as the Oxford House, in violation of Special Condition No. 7.

2.    That in February 2007, the offender failed to notify the Probation Office 10 days prior to a change in residence, in violation of Standard Condition No. 6.

3.    That on 2/15/2007, 2/16/2007, and 2/20/2007, the offender failed to participate in mental health treatment at The Veteran's Administration Mental Health Rehabilitation Program, in violation of Special Condition No. 3.

Prob 12C
(Rev. 1/06 D/HI)

3

4.      That on 2/15/2007 through 2/20/2007, the offender failed to take his medication as
        prescribed, in violation of Special Condition No. 5.

        Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be
issued and that the subject be brought before the Court to show cause why supervision should not be
revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show
    cause why supervision should not be revoked.  The NO BAIL warrant and this Petition to be
    sealed for other than law enforcement purposes and until such time that the subject has been
    arrested and the warrant duly executed.

[ ] Other

                    I declare under penalty of perjury that the foregoing is true and correct.

                            Executed on _____2/22/07_____

                                         _____

                                         LISA K.T. JICHA
                                         U.S. Probation Officer

Approved by:

_____
GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Prob 12C
(Rev. 1/06 D/HI)

4

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 22nd day of February, 2007, and ordered filed and made a part of the records in the above case.

SUSAN OKI MOLLWAY
U.S. District Judge

Re:     **TOWER, Joseph**
         **Criminal No. CR 00112SOM-01**
         **REVOCATION OF SUPERVISED RELEASE**


## STATEMENT OF FACTS

The offender pled guilty to Count 2: Possession of a Firearm by an Unlawful User of a Controlled Substance, in violation of 18 U.S.C. § 922(g)(3), a Class C felony. On 4/5/2004, the Honorable Edward Rafeedie sentenced him to 13 months of imprisonment, with credit for time served, and 3 years of supervised release.

The initial term of supervised release began on 4/5/2004. This term was revoked on 2/13/2007. Prior to the revocation, the offender was afforded several opportunities to come into compliance with the supervision conditions. As a result of the offender's first appearance, Your Honor continued supervision and modified the special conditions to allow the offender to be released to Mahoney Hale. Despite approximately 14 months of compliance, on 1/17/2007, the offender made a second appearance before the Court for failing to participate in mental health treatment. On 2/13/2007, the Court revoked supervised release and imposed a sentence of Time Served (approximately 2 months) and 1 year of supervised release with the special conditions noted on the facesheet of the petition.

On 2/13/2007, the offender was released and transported to the Oxford Clean and Sober House by the Federal Public Defender's Office. The offender was released with a supply of psycho-tropic medication from the Honolulu Federal Detention Center. However, follow up contact with the Oxford House revealed that the offender had only stayed there the night of 2/13/2007. He left on 2/14/2007 and had not returned. The Oxford House verified that the offender left all of his medication at its facility. In addition, follow up contact with the Veteran's Administration (VA) staff revealed that the offender reported to treatment on 2/14/2007, but has not returned as of 2/15/2007. The offender has not contacted our office since his release on 2/13/2007. The offender's whereabouts are unknown. The violations are as follows:

**Violation No. 1 - Failed to Reside in a Structured Living Environment; Violation No. 2 - Failed to Notify of Change of Residence:** The offender left the Oxford House on 2/14/2007, and has not returned as of this date. On 2/19/2007, the Oxford House staff confirmed that the offender stayed at its facility on 2/13/2007. However, he left on 2/14/2007 without his medication and has not returned as of this date. This officer contacted the VA housing program at Barber's Point where the offender previously resided, and they verified that the offender was not living there. At this point in time, the offender's whereabouts are unknown.

Re:    **TOWER, Joseph**
       **Criminal No. CR 03-00112SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 2**


       **Violation No. 3 - Failure to Participate in Treatment:**  On 2/15/2007, 2/16/2007, and 2/20/2007, the offender failed to participate in mental health treatment at the VA.  On 2/20/2007, the offender's psychologist at the VA verified that the offender reported on 2/14/2007, but failed to return to mental health treatment as of 2/15/2007.

       **Violation No. 4 - Failed to Take Prescribed Medication:**  As of 2/14/2007, the offender has failed to take his prescribed medication.  As mentioned in Violation No. 1, according to the Oxford House staff, the offender left its facility on 2/14/2007 without his medication and never returned.  As mentioned under Violation No. 3, the offender has not reported to mental health treatment for treatment and medication monitoring at the VA since 2/14/2007.


       Based on the offender's violations, coupled with history of failing to comply with his treatment and medication regimens, he is prone to psychotic episodes.  The offender poses a risk of harm to himself and the community when he is non-compliant with his treatment and medication regimens.  In light of this and his unknown whereabouts, it is recommended that the Court issue a No Bail warrant for his appearance to show cause why supervised release should not be revoked.

                                        Respectfully submitted by,


                                        _____
                                        LISA K.T. JICHA
                                        U.S. Probation Officer


Approved by:


_____
GENE DeMELLO, JR.
Supervising U.S. Probation Officer


LKTJ/ct

Re:   **TOWER, Joseph**
      **Criminal No. CR 03-00112SOM-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 3**


**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

There do not appear to be any circumstances that warrant imposition of additional conditions at this time.

ORIGINAL

AO 245D    (Rev. 12/03) Sheet 1 - Judgment in a Criminal Case for Revocation

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

# United States District Court
## District of Hawaii

RECEIVED

FEB 1 6 2007

UNITED STATES OF AMERICA
v.
**JOSEPH TOWER**
(Defendant's Name)

at ___ o'clock and 40 min. P M
SUE BEITIA, CLERK

**JUDGMENT IN A CRIMINAL CASE**
(For **Revocation** of Probation or Supervised Release)

Criminal Number: __1:03CR00112-001__
USM Number: 89183-022

**Loretta Faymonville AFPD**
Defendant's Attorney

## THE DEFENDANT:

[✔]    admitted guilt to violation of condition __Special Condition No. 4__ of the term of supervision.
[ ]    was found in violation of condition(s) _____ after denial or guilt.

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| 1 | Subject refused to participate in mental health treatment at The Veteran's Administration Mental Health Rehabilitation Program | 12/7/06 12/14/06 |

The defendant is sentenced as provided in pages 2 through _4_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]    The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Defendant's Soc. Sec. No.: __4615__

Defendant's Residence Address:
**Honolulu, Hawaii 96819**

Defendant's Mailing Address:
Honolulu, Hawaii 96819

FEBRUARY 13, 2007
Date of Imposition of Sentence

Signature of Judicial Officer

**SUSAN OKI MOLLWAY**, United States District Judge
Name & Title of Judicial Officer

FEB 1 5 2007
Date

ATTEST: A True Copy
SUE BEITIA
Clerk, United States District
Court, District of Hawaii
By _____ Deputy

AO 245B    (Rev. 6/05) Judgment in a Criminal Case
           Sheet 2 - Imprisonment

CASE NUMBER:      1:03CR00112-001
DEFENDANT:        JOSEPH TOWER                                    Judgment - Page 2  of  4

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: TIME SERVED

[ ]    The court makes the following recommendations to the Bureau of Prisons:

[ ]    The defendant is remanded to the custody of the United States Marshal.

[ ]    The defendant shall surrender to the United States Marshal for this district.
       [ ] at ___ on ___.
       [ ] as notified by the United States Marshal.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
       [ ] before _ on ___.
       [ ] as notified by the United States Marshal.
       [ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

        Defendant delivered on_____  to  _____

at _____ , with a certified copy of this judgment.


                                                    _____
                                                                UNITED STATES MARSHAL


                                            By  _____
                                                          Deputy U.S.  Marshal

AO 245B   (Rev. 6/05) Judgment in a Criminal Case
          Sheet 3 - Supervised Release

CASE NUMBER:        1:03CR00112-001                                          Judgment - Page 3 of 4
DEFENDANT:          JOSEPH TOWER

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: TWELVE (12) MONTHS

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

That the defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement on supervision and at least two periodic drug tests thereafter, but not more than 8 valid drug tests per month during the term of supervised release, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

[ ]    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

[ ]    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]    The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION
1)   the defendant shall not leave the judicial district without permission of the court or probation officer;
2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)   the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4)   the defendant shall support his or her dependants and meet other family responsibilities;
5)   the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6)   the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)   the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 6/05) Judgment in a Criminal Case
               Sheet 3 - Supervised Release

CASE NUMBER:     1:03CR00112-001
DEFENDANT:       JOSEPH TOWER

# SPECIAL CONDITIONS OF SUPERVISION

1. That the defendant shall participate in a substance abuse program, which may include drug and alcohol testing and may also include residential treatment, at the direction and discretion of the Probation Office. The defendant is to also refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2. That the defendant provide the Probation Office access to any requested financial information.

3. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

4. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

5. That the defendant take all prescribed medications.

6. That the defendant reside on the island of Oahu and not travel or relocate to the Big Island without the prior approval of the Probation Office.

7. That the defendant participate in a Residential Reentry Center program such as Mahoney Hale for a period not to exceed 180 days, or in a structured living program such as the Oxford House. He shall remain at the Oxford House until otherwise released at the discretion and direction of the Probation Office. While in the program, the defendant shall participate in the components of the program.

## ACKNOWLEDGMENT OF CONDITIONS

I have read or have had read to me the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them.

I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____    _____
Defendant                            Date

_____    _____
United States Probation Officer        Date